# APPENDIX A

## 2015 Texas House Bill No. 1170, Texas Eighty-Fourth Legislature, Enrolled Version

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

8/14/2015 11:07:55 AM

CHRISTOPHER A. PRINE
Clerk

Chapter 1020

AN ACT

relating to the applicability to open-enrollment charter schools of certain laws regarding local governments and political subdivisions.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

SECTION 1. Subchapter D, Chapter 12, Education Code, is amended by adding Section 12.1058 to read as follows:

Sec. 12.1058. APPLICABILITY OF OTHER LAWS. (a) An open-enrollment charter school is considered to be:

(1) a local government for purposes of Chapter 791, Government Code;

(2) a local government for purposes of Chapter 2259, Government Code, except that an open-enrollment charter school may not issue public securities as provided by Section 2259.031(b), Government Code;

(3) a political subdivision for purposes of Chapter 172, Local Government Code; and

(4) a local governmental entity for purposes of Subchapter I, Chapter 271, Local Government Code.

(b) An open-enrollment charter school may elect to extend workers' compensation benefits to employees of the school through any method available to a political subdivision under Chapter 504, Labor Code. An open-enrollment charter school that elects to extend workers' compensation benefits as permitted under this

subsection is considered to be a political subdivision for all purposes under Chapter 504, Labor Code. An open-enrollment charter school that self-insures either individually or collectively under Chapter 504, Labor Code, is considered to be an insurance carrier for purposes of Subtitle A, Title 5, Labor Code.

(c) Notwithstanding Subsection (a) or (b), an open-enrollment charter school operated by a tax exempt entity as described by Section 12.101(a)(3) is not considered to be a political subdivision, local government, or local governmental entity unless the applicable statute specifically states that the statute applies to an open-enrollment charter school.

SECTION 2. This Act takes effect immediately if it receives a vote of two-thirds of all the members elected to each house, as provided by Section 39, Article III, Texas Constitution. If this Act does not receive the vote necessary for immediate effect, this Act takes effect September 1, 2015.

_____        _____  H.B. No. 1170
President of the Senate              Speaker of the House

I certify that H.B. No. 1170 was passed by the House on May 8, 2015, by the following vote: Yeas 138, Nays 1, 1 present, not voting; and that the House concurred in Senate amendments to H.B. No. 1170 on May 29, 2015, by the following vote: Yeas 140, Nays 2, 2 present, not voting.

_____
Chief Clerk of the House

I certify that H.B. No. 1170 was passed by the Senate, with amendments, on May 27, 2015, by the following vote: Yeas 31, Nays 0.

_____
Secretary of the Senate

APPROVED: __6 - 17 - 2015__
              Date

_____
Governor

FILED IN THE OFFICE OF THE
SECRETARY OF STATE
6:30 pm O'CLOCK
JUN 19 2015
_____
Secretary of State

3

**LEGISLATIVE BUDGET BOARD**
**Austin, Texas**

**FISCAL NOTE, 84TH LEGISLATIVE REGULAR SESSION**

**May 28, 2015**

**TO:** Honorable Joe Straus, Speaker of the House, House of Representatives

**FROM:** Ursula Parks, Director, Legislative Budget Board

**IN RE:** **HB1170** by Farney (Relating to the applicability to open-enrollment charter schools of certain laws regarding local governments and political subdivisions.), **As Passed 2nd House**

No fiscal implication to the State is anticipated.

The bill would amend the Education Code to give open enrollment charter schools certain rights and duties extended to open governments under the Government Code.

**Local Government Impact**

No significant fiscal implication to units of local government is anticipated.

**Source Agencies:** 454 Department of Insurance, 701 Central Education Agency
**LBB Staff:** UP, SD, JBi, JLi

**FISCAL NOTE, 84TH LEGISLATIVE REGULAR SESSION**

**May 21, 2015**

**TO:** Honorable Larry Taylor, Chair, Senate Committee on Education

**FROM:** Ursula Parks, Director, Legislative Budget Board

**IN RE:** **HB1170** by Farney (relating to the applicability to open-enrollment charter schools of certain laws regarding local governments and political subdivisions.), **Committee Report 2nd House, Substituted**

| |
|---|
| **No fiscal implication to the State is anticipated.** |

The bill would amend the Education Code to give open enrollment charter schools certain rights and duties extended to open governments under the Government Code.

**Local Government Impact**

No significant fiscal implication to units of local government is anticipated.

**Source Agencies:** 454 Department of Insurance, 701 Central Education Agency
**LBB Staff:** UP, JBi, JLi

**FISCAL NOTE, 84TH LEGISLATIVE REGULAR SESSION**

**May 18, 2015**

**TO:** Honorable Larry Taylor, Chair, Senate Committee on Education

**FROM:** Ursula Parks, Director, Legislative Budget Board

**IN RE:** **HB1170** by Farney (Relating to the applicability to open-enrollment charter schools of certain laws regarding local governments and political subdivisions.), **As Engrossed**

**No fiscal implication to the State is anticipated.**

The bill would amend the Education Code to give open enrollment charter schools certain rights and duties extended to open governments under the Government Code.

**Local Government Impact**

No significant fiscal implication to units of local government is anticipated.

**Source Agencies:** 454 Department of Insurance, 701 Central Education Agency
**LBB Staff:** UP, JBi, JLi

**LEGISLATIVE BUDGET BOARD**
**Austin, Texas**

**FISCAL NOTE, 84TH LEGISLATIVE REGULAR SESSION**

**April 3, 2015**

**TO:** Honorable Jimmie Don Aycock, Chair, House Committee on Public Education

**FROM:** Ursula Parks, Director, Legislative Budget Board

**IN RE:** **HB1170** by Farney (Relating to the applicability to open-enrollment charter schools of certain laws regarding local governments and political subdivisions.), **As Introduced**

| |
|---|
| **No fiscal implication to the State is anticipated.** |

The bill would amend the Education Code to give open enrollment charter schools certain rights and duties extended to open governments under the Government Code.

**Local Government Impact**

No significant fiscal implication to units of local government is anticipated.

**Source Agencies:** 454 Department of Insurance, 701 Central Education Agency
**LBB Staff:** UP, JBi, JLi

# APPENDIX B

## Tex. Educ. Code § 12.1058

This document is current through the 2015 regular session, 84th Legislature, S.B. 45, S.B. 293 (ch. 2), S.B. 415(ch. 15), S.B. 459, S.B. 529 (ch. 37), S.B. 835 (ch. 6), S.B. 901 (ch. 54), S.B. 903 (ch. 3), S.B. 1749 (ch. 29), and S.B. 1985 (ch. 4).

*Texas Statutes & Codes Annotated by LexisNexis®* > *Education Code* > *Title 2 Public Education* > *Subtitle C Local Organization and Governance* > *Chapter 12 Charters* > *Subchapter D Open-Enrollment Charter School*

## Sec. 12.1058. Applicability of Other Laws.

(a)  An open-enrollment charter school is considered to be:

(1)  a local government for purposes of Chapter 791, Government Code;

(2)  a local government for purposes of Chapter 2259, Government Code, except that an open-enrollment charter school may not issue public securities as provided by Section 2259.031(b), Government Code;

(3)  a political subdivision for purposes of Chapter 172, Local Government Code; and

(4)  a local governmental entity for purposes of Subchapter I, Chapter 271, Local Government Code.

(b)  An open-enrollment charter school may elect to extend workers' compensation benefits to employees of the school through any method available to a political subdivision under Chapter 504, Labor Code. An open-enrollment charter school that elects to extend workers compensation benefits as permitted under this subsection is considered to be a political subdivision for all purposes under Chapter 504, Labor Code. An open-enrollment charter school that self-insures either individually or collectively under Chapter 504, Labor Code, is considered to be an insurance carrier for purposes of Subtitle A, Title 5, Labor Code.

(c)  Notwithstanding Subsection (a) or (b), an open-enrollment charter school operated by a tax exempt entity as described by Section 12.101(a)(3) is not considered to be a political subdivision, local government, or local governmental entity unless the applicable statute specifically states that the statute applies to an open-enrollment charter school.

## History

Enacted by Acts 2015, 84th Leg., ch. HB1170 (H.B. 1170), § 1, effective June 19, 2015.

Texas Statutes & Codes Annotated by LexisNexis®
Copyright © 2015 Matthew Bender & Company, Inc.
a member of the LexisNexis Group. All rights reserved.

# APPENDIX C

**House Bill No. 1170, Legislative History, Summary of Status**

NETSCAN

2015 Texas House Bill No. 1170 Texas Eighty-Fourth Legislature

TEXAS BILL TRACKING

**TITLE: Relating to the applicability to open-enrollment charter schools
of certain laws regarding local governments and political subdivisions.**

AUTHOR: Farney, Villalba, Fallon, Lucio

SUMMARY: Relating to the applicability to open-enrollment charter schools of certain laws regarding local governments and political subdivisions.

STATUS:
02/05/2015 (H) FILED
03/03/2015 (H) READ FIRST TIME
03/03/2015 (H) REFERRED TO PUBLIC EDUCATION
04/07/2015 (H) SCHEDULED FOR PUBLIC HEARING ON . . .
04/07/2015 (H) CONSIDERED IN PUBLIC HEARING
04/07/2015 (H) TESTIMONY TAKEN/REGISTRATION(S) RECORDED IN COMMITTEE
04/07/2015 (H) LEFT PENDING IN COMMITTEE
04/20/2015 (H) CONSIDERED IN FORMAL MEETING
04/20/2015 (H) REPORTED FAVORABLY WITHOUT AMENDMENT(S)
04/22/2015 (H) COMMITTEE REPORT FILED WITH COMMITTEE COORDINATOR
04/23/2015 (H) COMMITTEE REPORT DISTRIBUTED
04/23/2015 (H) COMMITTEE REPORT SENT TO CALENDARS
05/04/2015 (H) CONSIDERED IN CALENDARS
05/07/2015 (H) PLACED ON GENERAL STATE CALENDAR
05/07/2015 (H) READ 2ND TIME
05/07/2015 (H) PASSED TO ENGROSSMENT
05/08/2015 (H) READ 3RD TIME
05/08/2015 (H) PASSED
05/08/2015 (H) RECORD VOTE
05/11/2015 (H) REPORTED ENGROSSED
05/11/2015 (S) RECEIVED FROM THE HOUSE
05/11/2015 (S) READ FIRST TIME
05/11/2015 (S) REFERRED TO EDUCATION
05/18/2015 (S) POSTING RULE SUSPENDED
05/19/2015 (S) SCHEDULED FOR PUBLIC HEARING ON . . .
05/19/2015 (S) CONSIDERED IN PUBLIC HEARING
05/19/2015 (S) TESTIMONY TAKEN IN COMMITTEE
05/19/2015 (S) LEFT PENDING IN COMMITTEE
05/20/2015 (S) CONSIDERED IN PUBLIC HEARING
05/21/2015 (S) REPORTED FAVORABLY AS SUBSTITUTED
05/21/2015 (S) RECOMMENDED FOR LOCAL & UNCONTESTED CALENDAR
05/22/2015 (S) COMMITTEE REPORT PRINTED AND DISTRIBUTED

05/26/2015 (S) PLACED ON LOCAL & UNCONTESTED CALENDAR
05/26/2015 (S) REMOVED FROM LOCAL & UNCONTESTED CALENDAR
05/27/2015 (S) PLACED ON INTENT CALENDAR
05/27/2015 (S) RULES SUSPENDED-REGULAR ORDER OF BUSINESS
05/27/2015 (S) READ 2ND TIME & PASSED TO 3RD READING
05/27/2015 (S) VOTE RECORDED IN JOURNAL
05/27/2015 (S) THREE DAY RULE SUSPENDED
05/27/2015 (S) RECORD VOTE
05/27/2015 (S) READ 3RD TIME
05/27/2015 (S) PASSED
05/27/2015 (S) RECORD VOTE
05/28/2015 (H) SENATE PASSAGE AS AMENDED REPORTED
05/28/2015 (H) SENATE AMENDMENTS DISTRIBUTED
05/28/2015 (H) SENATE AMENDMENTS ANALYSIS DISTRIBUTED
05/29/2015 (H) HOUSE CONCURS IN SENATE AMENDMENT(S)
05/29/2015 (H) RECORD VOTE
05/29/2015 (H) STATEMENT(S) OF VOTE RECORDED IN JOURNAL
05/29/2015 (H) TEXT OF SENATE AMENDMENT(S)
05/29/2015 (S) HOUSE CONCURS IN SENATE AMENDMENT(S)-REPORTED
05/30/2015 (H) REPORTED ENROLLED
05/31/2015 (H) SIGNED IN THE HOUSE
06/01/2015 (S) SIGNED IN THE SENATE
06/01/2015 SENT TO THE GOVERNOR
06/19/2015 SIGNED BY THE GOVERNOR
06/19/2015 EFFECTIVE IMMEDIATELY

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

**NETSCAN**

# APPENDIX D

## House Bill No. 1170, Bill Analysis, Public Education/Committee Report

NETSCAN

2015 TX H.B. 1170 (NS)
2015 Texas House Bill No. 1170, Texas Eighty-Fourth Legislature

TEXAS COMMITTEE REPORT

**TITLE: Relating to the applicability to open-enrollment charter schools of certain laws regarding local governments and political subdivisions.**
VERSION: GeneralApril 23, 2015Version Date April 23, 2015
Farney

**TEXT:**
BILL ANALYSIS

H.B. 1170

By: Farney

Public Education

Committee Report (Unamended)

BACKGROUND AND PURPOSE Interested parties note that while open-enrollment charter schools are similar to traditional public school districts in that they receive state funds, charter schools are not afforded some of the statutory protections that help safeguard public funds and sustain financial viability that are afforded to school districts. H.B. 1170 seeks to enable open-enrollment charter schools to better plan and manage risks associated with civil liability, employee benefits, and workers' compensation insurance coverage.

CRIMINAL JUSTICE IMPACT It is the committee's opinion that this bill does not expressly create a criminal offense, increase the punishment for an existing criminal offense or category of offenses, or change the eligibility of a person for community supervision, parole, or mandatory supervision.

RULEMAKING AUTHORITY It is the committee's opinion that this bill does not expressly grant any additional rulemaking authority to a state officer, department, agency, or institution.

ANALYSIS H.B. 1170 amends the Education Code to establish that an open-enrollment charter school is considered to be a local government for purposes of the Interlocal Cooperation Act; a local government for purposes of Government Code provisions relating to self-insurance by governmental units, except that an open-enrollment charter school is prohibited from issuing public securities; and a political subdivision for purposes of the Texas Political Subdivision Employees Uniform Group Benefits Act. H.B. 1170 authorizes an open-enrollment charter school to elect to extend workers' compensation benefits to employees of the school through any method available to a political subdivision under Labor Code provisions relating to workers' compensation insurance coverage for employees of political subdivisions. The bill establishes that an open-enrollment charter school that elects to do so is considered to be a political subdivision for all purposes under those provisions and that an open-enrollment charter school that self-insures either individually or collectively under those provisions is considered to be an insurance carrier for purposes of the Texas Workers' Compensation Act.

EFFECTIVE DATE On passage, or, if the bill does not receive the necessary vote, September 1, 2015.

**2015 TX H.B. 1170 (NS)**

2015 TX H.B. 1170 (NS)

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

**NETSCAN**

# APPENDIX E

## House Bill No. 1170, Bill Analysis, Author's/Sponsor's Statement of Intent

# NETSCAN

2015 TX H.B. 1170 (NS)
2015 Texas House Bill No. 1170, Texas Eighty-Fourth Legislature

TEXAS COMMITTEE REPORT

**TITLE: Relating to the applicability to open-enrollment charter schools of certain laws regarding local governments and political subdivisions.**
VERSION: GeneralMay 11, 2015Version Date May 11, 2015
Farney, Villalba, Fallon, Lucio

**TEXT:**
BILL ANALYSIS

Senate Research Center H.B. 1170

84R7556 CAE-F By: Farney et al. (Lucio)

Education

5/13/2015

Engrossed

AUTHOR'S / SPONSOR'S STATEMENT OF INTENT

In order to control costs, school districts can enter into inter-local contracts and risk pools with neighboring localities. These arrangements strengthen the districts' bargaining positions for purchasing materials and contracting for services, and dilute the unforeseen costs of insurance claims. Currently, open-enrollment charter schools may not engage in similar arrangements, despite the fact that they also use public money. Without access to the same inter-local agreements and risk-sharing pools, public costs associated with charter schools will continue to rise.

H.B. 1170 addresses this issue by including open-enrollment charter schools in the definition of local governments for the purposes of inter-local cooperation contracts, self-insurance, and group benefits agreements. This will allow charters to engage in cooperative agreements with other charters, local school districts, and other governmental entities to lower the costs of purchases, services, and insurance for their employees. The provisions of H.B. 1170, by controlling these costs, will ensure that public education money remains in the classroom.

H.B. 1170 amends current law relating to the applicability to open-enrollment charter schools of certain laws regarding local governments and political subdivisions.

RULEMAKING AUTHORITY

This bill does not expressly grant any additional rulemaking authority to a state officer, institution, or agency.

SECTION BY SECTION ANALYSIS

SECTION 1. Amends Subchapter D, Chapter 12, Education Code, by adding Section 12.1058, as follows:

Sec. 12.1058. APPLICABILITY OF OTHER LAWS. (a) Provides that an open-enrollment charter school is considered to be:

(1) a local government for purposes of Chapter 791 (Interlocal Cooperation Contracts), Government Code;

(2) a local government for purposes of Chapter 2259 (Self-Insurance By Governmental Units), Government Code, except that an open-enrollment charter school may not issue public securities as provided by Section 2259.031(b) (authorizing a governmental unit to perform certain duties), Government Code; and

(3) a political subdivision for purposes of Chapter 172 (Texas Political Subdivisions Uniform Group Benefits Program), Local Government Code.

(b) Authorizes an open-enrollment charter school to elect to extend workers' compensation benefits to employees of the school through any method available to a political subdivision under Chapter 504 (Workers Compensation Insurance Coverage for Employees of Political Subdivisions), Labor Code. Provides that an open-enrollment charter school that elects to extend workers' compensation benefits as permitted under this subsection is considered to be a political subdivision for all purposes under Chapter 504, Labor Code. Provides that an open-enrollment charter school that self-insures either individually or collectively under Chapter 504, Labor Code, is considered to be an insurance carrier for purposes of Subtitle A (Texas Workers Compensation Act), Title 5 (Workers Compensation), Labor Code.

SECTION 2. Effective date: upon passage or September 1, 2015.

**2015 TX H.B. 1170 (NS)**

2015 TX H.B. 1170 (NS)

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

NETSCAN